## THE NATIONAL PAPETERIE COMPANY v. FRANCES A. KINSEY.

A writ of attachment which has been improvidently issued may be set aside on the application of a judgment creditor of the defendant in attachment.

---

In attachment. On case certified from the Passaic Circuit.

Argued at June Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, KNAPP and GARRISON.

For the plaintiff, *Barkalow, Pennington & Beam* and *Michael Dunn.*

For the execution creditors, *Stevenson & Humphreys.*

The opinion of the court was delivered by

VAN SYCKEL, J. The following certificate presents the question to be considered in this case:

" On February 5th, 1891, upon the filing of a regular affidavit a writ of attachment was issued out of the Passaic

Circuit Court, at the suit of above plaintiff, against the defendant above named, as a non-resident debtor, and on February 8th, 1891, certain personal property of the defendant was attached.   On February 26th, 1891, said defendant confessed judgments in the same court to several of her creditors, and thereupon executions were issued and levied on the same property.

"On February 25th, 1891, an order for the sale of said property was made in this case, under which the property was sold by the auditor.

"On February 28th, 1891, the judgment creditors obtained a rule that the plaintiff in attachment show cause why the writ of attachment should not be set aside, on the ground that the defendant was a resident of this state at the time the affidavit for attachment was made and the writ issued.

"On the return of this rule it appears that the defendant was resident in the state at the time mentioned, but that the said affidavit was made *bona fide.*   It also appears that the defendant is not concerned in the rule to set aside the attachment.

"Deeming the question, whether the judgment creditors have a right to have the writ of attachment set aside on the facts above stated, to be one of doubt and difficulty, the same is hereby certified to the Supreme Court for its advisory opinion thereon.

"JONATHAN DIXON, *Judge.*"

Under the facts stated there can be no doubt that the writ would be set aside on the application of the defendant in attachment.   *Brundred* v. *Del Hoyo, Spencer* 328; *Leonard* v. *Stout,* 8 *Vroom* 492; *Baldwin* v. *Flagg,* 14 *Id.* 495.

The right to the writ of attachment depends not on the good faith of the creditor who makes the affidavit upon which it is issued, but upon the fact that the debtor is actually non-resident.

The contest thus lies between creditors who are attempting to establish and maintain a lien by force of a proceeding

which has no legal foundation, and which it is conceded may be swept away at the instance of the debtor and creditors who claim by virtue of an execution and levy under a valid, unassailable judgment.   The claim of the attaching creditor cannot be upheld without admitting that the rights of suitors do not depend upon the conformity of their proceedings to statutory requirements and essential legal formalities, but upon the will of the debtor.   Upon principle, it seems that the conflicting rights of creditors must depend upon and be settled by the law which is certain and stable, and not upon the election of the debtor, which is variable and uncertain.

The judgment creditors acquired the right of the judgment debtor in the property levied on, and had a right to rescue it for the satisfaction of their claims from any one who could not assert a superior title in the law to it. . It is not perceived how the efficacy of the proceedings under the judgments can be impaired, or how validity can be imparted to attachment proceedings unauthorized by law, by the mere volition of the debtor as against the judgment creditors.

The debtor may waive his own rights, but he cannot surrender the rights of his judgment creditor. · The right of a subsequent judgment creditor to contest the validity of a prior judgment by confession, and show that it has been entered in violation of the statute, is established.   *Clapp* v. *Ely*, 3 *Dutcher* 555.   ·

In the case cited, Chief Justice Green shows that the courts were in the constant practice of examining the validity of judgments at the instance of creditors for twenty years prior to 1836, and that the contrary view which prevailed for a number of years was due to a misapprehension of what the decisions were.   If the validity of a prior judgment may be challenged at the instance of a creditor, no good reason appears why an attachment issued in contravention of the statute should be shielded from a like assault.   In either case the judgment creditor is obstructed in his effort to enforce the lien which the law gives him upon the debtor's property by a

proceeding under color of, but in direct contravention of, the law of the land.

The fact that under the attachment the fund would be distributed equitably among all the creditors cannot control the question of priority in a case like this. However desirable such a disposition of the debtor's assets might be, established legal liens cannot be displaced upon mere considerations of policy. That would be legislation, not judicial exposition. But even regarding that question in the light of public policy, it is far from being clear that it will be wise to deny to the judgment creditor the right to intervene in such cases.

Assuming that creditors are advised that the debtor was actually resident when the attachment was procured, what course will they be safe in pursuing?

If they apply under the attachment, the debtor may sue to have the writ set aside, and thus each creditor, to protect himself, will be driven to the expense of taking a judgment upon his claim. He can have no assurance that the debtor will permit the attachment to stand. The debtor himself being constituted the sole arbiter, whether the attachment or the diligent judgment creditor shall take his property, he is placed in a position where he will be subject to improper methods to influence his action.

Such uncertainty in the course which creditors must pursue to secure their rights ought not to exist. Priorities should be settled by the law and not by the option of the debtor.

In my opinion the writ of attachment should be set aside on the application of the judgment creditors, and the Circuit Court should be so advised.