ANNIE E. BARNABY, PLAINTIFF IN ERROR, v. THE BRAD-
LEY & CURRIER COMPANY, DEFENDANT IN ERROR.

1. As a general rule, a statute which is amended is thereafter, for all acts
subsequently done, to be construed as the statute stands after the
amendments are introduced.

2. The legislature may pass statutes of limitation which shall apply to
existing contracts, if a reasonable time within which to bring suit is
allowed.

3. The third section of the "Act relative to statutes" (*Gen. Stat.*, p. 3194),
which is in these words, "That the repeal of any statutory provision
by this act, or by any act of the legislature hereafter passed, shall not
affect or impair any act done or right vested or accrued, or any pro-
ceeding, suit or prosecution had or commenced in any civil cause
before such repeal shall take effect, but every such act done or right
vested or accrued, or prosecution had or commenced, shall remain in
full force and effect, to all intents and purposes, as if such statutory
provision so repealed had remained in force, except that where the
course of practice and procedure for the enforcement of such right or
the prosecution of such suit shall be changed, actions then pending or
thereafter commenced shall be conducted, as near as may be, in accord-
ance with such altered practice or procedure," preserves intact from
future legislation rights vested or accrued under existing legislation,
except "where the course of practice or procedure for the enforcement
of such right or prosecution of such suit shall be changed."

4. The exception in the statute refers to practice or procedure in the
conduct of the suit, and not practice or procedure which directly
affects the right which the statute was designed to protect.

5. This suit was brought to enforce a lien for work performed and ma-
terials furnished under a contract dated June 2d, 1894. The work
was commenced July 10th, 1894, and completed February 20th, 1895.
The lien claim was filed February 15th, 1896, and a summons was
issued on that day. At the time the contract was made the lien law
in force was the act of March 27th, 1874, by the thirteenth section of
which, one year from the furnishing of the materials or performing
the labor for which the debt is due was presented as the time within
which a claim should be filed. *Rev.*, p. 671. By the act of March
14th, 1895, the thirteenth section of the Mechanics' Lien law of 1874
was amended so that it provided that no debt should be a lien by vir-
tue of that act unless a claim is filed within four months from the last
work done or materials furnished for which such debt is due; nor
should any lien be enforced by virtue of the act unless the summons
in the suit for that purpose be issued within ninety days of the last
work done or materials furnished in such claim. *Gen. Stat.*, p. 2074.

By the act of 1895 all acts and parts of acts inconsistent therewith were repealed and the act was made to take effect immediately. *Held—*

1. The act of 1895 cannot be regarded simply as establishing a course of practice and procedure in actions for the enforcement of a right which accrued under the preceding act.

2. If applied in this suit the act of 1895 would affect and impair and even destroy a right of the plaintiff which accrued to it under the preceding act, within the meaning of the third section of the "Act relative to statutes."

3. The act of 1895 did not deprive the plaintiff of its right to file its claim within one year from the time the work was completed.

On writ of error to the Union County Circuit Court.

For the plaintiff in error, *Charles E. Hill.*

For the defendant in error, *Charles L. Corbin.*

The opinion of the court was delivered by

DEPUE, J. The Bradley & Currier Company, the plaintiff below, filed a claim under the Mechanics' Lien law for work and materials furnished for the erection and construction of a building situate in the county of Union. In the suit to enforce the lien, the builder, Frank A. Barnaby, did not file a plea, but Annie E. Barnaby, the owner, appeared and filed the statutory plea, averring that the debt was not a lien upon her property.

The work performed and the materials furnished for which the lien was claimed were done and furnished under a contract dated June 2d, 1894. The work was commenced on the 10th of July, 1894, and completed February 20th, 1895. The lien claim was filed on the 15th of February, 1896, and the summons was issued on that day.

At the time the contract in question was made the lien law in force was the act of March 27th, 1874, by the thirteenth section of which, one year from the furnishing of the materials or performing the labor for which the debt is due was prescribed as the time within which the claim should be filed. *Rev., p.* 671. The lien claim filed in this case was filed within the year, in conformity to this statute.

By the act of March 14th, 1895, several of the sections of the Mechanics' Lien law of 1874 were amended, among which was section 13. By that section, as amended, it was provided that no debt should be a lien by virtue of this act unless a claim is filed within four months of the last work done or materials furnished for which such debt is due, nor shall any lien be enforced by virtue, of this act unless the summons in the suit for that·purpose shall be issued within ninety days of the last work done or materials furnished in such claim. *Gen. Stat.*, p. 2074. The lien in question in this case, although filed within the time limited by the act of 1874, was not filed within the time prescribed by the act of 1895.

By the act of 1895 all acts and parts of acts inconsistent therewith were repealed and the act was made to take effect immediately.

The only question presented by the bill of exceptions is whether the act of 1895, with respect to the time within which the lien was required to be filed, shall be permitted to control in this case. The learned judge before whom this case was tried instructed the jury that the act of 1895 did not deprive the plaintiff of its right to file its claim within one year from the time the work was completed. This instruction is the subject-matter of the assignment of error in this case.

It is not disputed that, as a general rule, a statute which is amended is thereafter, for all acts subsequently done, to be construed as the statute stands after the amendments are introduced (*Farrell* v. *State*, 25 *Vroom* 421), nor is it denied that the legislature may pass statutes of limitation which shall apply to existing contracts, if a reasonable time within which to bring suit is allowed. The question to be considered is the effect of the third section of the "Act relative to statutes," of March 27th, 1874, which is in these words: " That the repeal of any statutory provision by this act, or by any act of the legislature hereafter passed, shall not affect or impair any act done or right vested or accrued, or any pro-

ceeding, suit or prosecution had or commenced in any civil cause before such repeal shall take effect; but every such act done or right vested or accrued, or prosecution had or commenced, shall remain in full force and effect, to all intents and purposes, as if such statutory provision so repealed had remained in force, except that where the course of practice or procedure for the enforcement of such right or the prosecution of such suit shall be changed, actions then pending or thereafter commenced shall be conducted, as near as may be, in accordance with such altered practice or procedure." *Gen. Stat.*, p. 3194.

A provision of like character was comprised in the Revision of 1846, but was limited to the repeal of statutory provisions by the repealing act reported by the revisers. *Rev. Stat.*, p. 675, § 2. This was the statute that was construed by this court in *Warren Railroad Co.* v. *Town of Belvidere*, 6 *Vroom* 584, 587. In the Revision of 1875, the statute of 1845 was extended to acts thereafter to be passed, and the legislative intent was made clearer by the exception which was added, with respect to "the course of practice or procedure for the enforcement of such right or the prosecution of such suit," and the provision that "actions then pending or thereafter to be commenced should be conducted as near as may be in accordance with such altered practice or procedure."

This statutory provision preserves intact from future legislation rights vested or accrued under existing legislation, except "where the course of practice or procedure for the enforcement of such right or prosecution of such suit shall be changed." This exception refers to practice or procedure in the conduct of the suit, and not practice or procedure which directly affects the right which the statute was designed to protect. *Wilson* v. *Herbert*, 12 *Vroom* 455, 457. A like construction has been given to the fourth section, which relates to criminal prosecutions and actions for penalties. *State* v. *Crusius*, 28 *Id.* 279, 282.

The rule prescribed by this statute as the fundamental rule for the construction of statutes will prevail, except where the

legislature has, either in express language or by implication so strong as not to be resisted, indicated the legislative purpose to supersede this rule of statutory construction.

The work done and materials furnished for which this lien was filed had all been done and furnished before the act of 1895 was passed. By the statute in force when the contract was made and the work done, the debt for labor performed and materials furnished for the erection of the building became a lien on such building and on the land whereon it stands, and such lien, by force of the statute itself and without any claim being filed, was continued for one year from the furnishing of the materials or performing the labor for which the debt was due.

To give to the act of 1895 the effect of limiting the time for which the statutory lien of the prior act should continue without the claim being filed, would deprive the plaintiff of a right with respect to its debt which it had when its contract was made and the work was done. The language of the third section of the act concerning statutes is: "That the repeal of any statutory provision * * * shall not *affect* or *impair any act* done or *right vested* or *accrued* * * * before such repeal shall take effect; but every such act done or right vested or accrued * * * shall remain in full force and effect to all intents and purposes as if such statutory provision so repealed had remained in full force." The exception is "that where the practice or procedure for the enforcement of *such right* * * * shall be changed, *actions* shall be conducted as near as may be in accordance with such altered practice or procedure."

The plaintiff's lien for its debt accrued under the act of 1874, and by force of that act the lien was continued without a claim being filed for a term which did not expire until some time after the lapse of the limitation prescribed by the act of 1895. It is undeniable that the act of 1895 cannot in any sense be regarded simply as establishing a course of practice or procedure in actions for the enforcement of a right which accrued under the preceding act. If applied in this suit the

act of 1895 would affect and impair and even destroy a right of the plaintiff which accrued to it under the preceding act, within the meaning of the third section of the act relative to statutes.

The judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, DIXON, GARRISON, GUMMERE, LUDLOW, DAYTON, HENDRICKSON, NIXON. 9.

*For reversal*—None.