MARY M. GRIMSHAW, PLAINTIFF IN ERROR, v. JOHN CARROLL AND ROBERT PATERSON, DEFENDANTS IN ERROR.

Argued November 23, 1898—Decided March 6, 1899.

The provision in section 77 of the District Court act (*Gen. Stat.*, p. 1228), that in docketing a judgment there shall be filed with the clerk of the Common Pleas an affidavit of the party, his agent or attorney, that at the time of filing the transcript a stated amount not less than $10 is still due, and that he believes the debtor is not possessed of goods and chattels sufficient to satisfy the amount due, was not abrogated by the act of March 27th, 1882 (*Gen. Stat.*, p. 1260), and the docketing of a District Court judgment without such an affidavit is void.

On error to the Supreme Court.

For the plaintiff in error, *Frederick J. Greenberg* and *Malcolm MacLear.*

For the defendants in error, *Frank E. Bradner.*

The opinion of the court was delivered by

DIXON, J.    In an action of ejectment the plaintiff deduced her claim of title from one of the defendants through the docketing in the Essex Common Pleas of a so-called judgment entered against him in the Newark District Court.    At the trial the plaintiff was nonsuited on the ground that the docketing was effected without an affidavit of belief that the debtor was not possessed of goods and chattels sufficient to satisfy the amount due, such an affidavit being, in the opinion of the trial judge, a statutory prerequisite to lawful docketing.

By the decision of this court in *Tasto* v. *Klopping*, 14 *Vroom* 448, it is settled that unless the requirements of the statute are complied with the docketing is void.    We must therefore consider whether the statute requires such an affidavit to be made in order to authorize the clerk of the Common Pleas to docket the judgment of a District Court.

The pertinent provisions are found in the seventy-seventh section of the District Court act of March 9th, 1877 (*Gen. Stat.*, *p.* 1228), and the fourth and fifth sections of an act relative to their jurisdiction and practice, approved March 27th, 1882 (*Id.*, *p.* 1260).

Section 77, just mentioned, prescribes three preliminaries for the legal docketing of a judgment—*first*, that an execution out of the District Court be issued and properly returned; *second*, that there be filed with the clerk of the Common Pleas a transcript of the proceedings from the docket of the District Court and a certified copy of the state of demand, the set-off and the return of the constable; and *third*, that there be likewise filed an affidavit of the party, his attorney or agent that at the time of filing such transcript a certain amount stated, not less than $10, was still due, and that he believed the debtor was not possessed of goods and chattels sufficient to satisfy the amount due.

The act of March 27th, 1882, above mentioned, does not purport to repeal the said section 77, but enacts that in docketing a judgment from a District Court it shall only be necessary to file with the clerk of the Common Pleas a statement

containing the name of the court, the name of the parties, the amount and date of judgment and date of issue and return of execution, if any, *which statement, the act declares, shall have the same force and effect as a transcript of judgment from a District Court previously had by law.* It also enacts that it shall not be necessary, before obtaining from the clerk of the District Court the said statement for docketing, that execution shall issue out of and be returned unsatisfied into the District Court, but that the same may be made and taken at any time after judgment and *be of the same force and effect as if execution had been issued and returned,* provided an affidavit of the plaintiff or his attorney shall be filed with said statement, setting forth that the judgment is *bona fide* and is still due and unpaid in whole or part.

In these enactments of the later law there is clearly expressed a substitution of its provisions for the first and second preliminaries required by the earlier statute ; but we find there no indication of a purpose to do away with the third preliminary, the affidavit that the sum of $10 at least remains due and that the debtor has not sufficient goods and chattels to satisfy the debt.

Bearing in mind that the object of docketing a judgment in the Common Pleas is to reach the debtor's lands, and that the legislative policy in this state has generally been not to resort to lands for the satisfaction of judgments if goods and chattels are available, we think the legislature intended to leave untouched the requirement of this affidavit as some safeguard against the unnecessary alienation of the debtor's land.

We are therefore of opinion that the docketing was unauthorized and void, and that the plaintiff was rightly nonsuited.

It is deemed proper to add that the so-called judgment entered in the District Court, on what is styled a record, fails to show either jurisdiction of the defendant, or a trial, or a judicial determination of any matter in controversy. It could not anywhere be recognized as a lawful judgment.

The proceedings in the District Court and Court of Common Pleas having taken place before 1898, the District Court statutes passed in that year are, of course, not involved in the present litigation.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, GARRISON, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 13.

*For reversal*—None.