CHARLES McLAUGHLIN, PLAINTIFF IN CERTIORARI, v. RICHARD F. CROSS ET AL., DEFENDANTS IN CERTIORARI.

Argued June 10, 1902—Decided November 10, 1902.

1. A Court of Common Pleas has power, subject to review by this court on *certiorari,* to vacate the docketing of any judgment therein.
2. The act of March 22d, 1901 (*Pamph. L., p.* 365), so far as it attempts to validate defective docketing of judgments in the Courts of Common Pleas, is ineffectual as against the vested rights of others than the judgment debtor.

On *certiorari.*

On September 2d, 1898, there was filed with the clerk of the Court of Common Pleas of the county of Middlesex a statement, dated June 25th, 1898, signed by Levi Walling, a justice of the peace of that county, under his hand and seal, to the effect that, on March 29th, 1897, Charles McLaughlin, plaintiff, had obtained, in a court for the trial of small causes held by said justice, a judgment against Josephine Berk, defendant, for the sum of $132.75 in an action of contract; that an execution had been issued therein, "and that said judgment is wholly unpaid and unsatisfied on May 5th, 1898, and returned unsatisfied;" and also an affidavit of Charles McLaughlin, subscribed and taken before such justice on June 21st, 1898, setting forth that the judgment was *bona fide,* and that the whole amount thereof was still due.

Thereupon said clerk docketed the judgment in the Court of Common Pleas.

On September 24th, 1900, Josephine Berk, in consideration of $1 and an agreement referred to, conveyed certain land in said county to Richard F. Cross, Catherine E. Cross, Walter Backofen and Pauline Backofen, in fee, by deed afterwards recorded in said clerk's office, on September 25th, 1900, in Book 318 of Deeds, page 507, &c.

On February 3d, 1902, said Court of Common Pleas, on application of said grantees and on notice to McLaughlin, adjudged that such docketing was invalid, and ordered that the same should be set aside and vacated. The pending writ of *certiorari* removes to this court for review the order of the Common Pleas.

Before Justices GARRISON and COLLINS.

For the plaintiff in *certiorari, Freeman Woodbridge.*

For the defendants in *certiorari, Theodore Strong.*

The opinion of the court was delivered by

COLLINS, J.   The plaintiff in *certiorari* challenges the power of a Court of Common Pleas to vacate a judgment docketed therein.   It is true that the docket entry has not the force of a common law judgment, and that lack of conformity to the authorizing statute will render the docketing void; but it does not follow that the court cannot clear its records of the void entry.   The clerk can lawfully docket only when the papers tendered are regular.   His authority is limited.   If he exceeds it, remedy must lie with the court whose minister he is.   The prerogative writ of this court will, indeed, afford relief; but it is not necessary to resort to such a dilatory and expensive proceeding when the court itself is ready to act.   The docketing statutes provide that the judgment when docketed shall operate as a judgment originally obtained in the Common Pleas; execution issues from that court, and revival by *scire facias* may be had there.   *Gen. Stat., p.* 1879, §§ 73, 74, 75; *Gen. Stat., p.* 1898, *pl.* 169; *Pamph. L.* 1898, *p.* 619, §§ 172, 173, 174.

It cannot be that a court is compellable to give effect to a void judgment, or is unable to effectuate an adjudication of avoidance.   I apprehend that if the clerk of a Court of Common Pleas has doubt of the regularity of papers tendered for docketing he may submit the matter to the court.   I see no reason why, if he fails to do so, the court may not, on due notice, expunge an invalid entry from its docket.   Courts of general jurisdiction have control of all their records, subject, of course, to review in the case of those of inferior jurisdiction.   Void judgments may be vacated at any time.   17 *Am. & Eng. Encycl. L* 825; *McKelway* ads. *Jones,* 2 *Harr.* 345.

There was therefore, we think, power to vacate the docketing.   Its invalidity is conceded.   There was, if no other, the same defect as that held false in *Grimshaw* v. *Carroll,* 33 *Vroom* 730, under legislation substantially identical with that now involved, namely, there was no affidavit of belief that the debtor was not possessed of goods and chattels sufficient to satisfy the amount due.   Such an affidavit was legally required at the time of this docketing.   *Id.*

There remains for consideration the effect of the act of March 22d, 1901 (*Pamph. L., p.* 365), which declares all judgments previously docketed from courts for the trial of small causes to be valid and effectual in law, and to have the force and effect, from the time of their docketing, of judgments obtained in suits originally commenced in the Court of Common Pleas, notwithstanding the omission of such an affidavit, with provisos saving previous decisions and pending cases.

Whatever may be the effect of this supplement on the parties to a judgment, it is plain it can have none on the grantees of the judgment debtor under a deed given before its enactment. Their vested rights are preserved by the general act relative to statutes of March 27th, 1874. *Gen. Stat., p.* 3194; *Barnaby* v. *Bradley & Currier Co.*, 31 *Vroom* 158.

It is urged that it does not appear that the defendants in *certiorari* were *bona fide* purchasers for value without notice of the judgment. I do not understand that such a *status* is essential. The deed recited does show a purchase for value. The purchasers had a right to rely on the invalidity of the docketing of the judgment, and therefore ignore it.

Their standing to make the application, in order to relieve their property from the cloud of the judgment, has not been questioned, and was, we think, unquestionable. This court, in a very early case, set aside a judgment of its own, when shown to be voidable, on the motion of a grantee of the judgment debtor. *Reed* v. *Bainbridge*, 1 *South.* 351. This principle of decision was afterwards doubted when sought to be applied in favor of creditors of the judgment debtor, but later was upheld (*Clapp* v. *Ely*, 3 *Dutcher* 555, 569), and has recently been recognized as warranting an application, by execution creditors, to set aside an attachment improvidently issued against the debtor. *National Papeterie Co.* v. *Kinsey*, 25 *Vroom* 29. The practice is quite general to afford relief against void judgments to any person interested. 17 *Am. & Eng. Encycl. L.* 839.

No notice of the application to vacate the docketing was given to the judgment debtor, but the plaintiff cannot com-

plain of that omission, and there seems no reason to relegate the applicants to a new proceeding.

The order of the Common Pleas to set aside absolutely the docketing was unauthorized in the absence of the judgment debtor. It is possibly of advantage to her that it stand. The order therefore will be reversed, and the record will be re-remitted, with directions to make an order setting aside and vacating the docketing of the judgment in question so far forth only as respects the land owned by the applicants.

No costs will be allowed in this court.