FIVE MILE BEACH LUMBER COMPANY v. MARY E. FRIDAY ET AL.

Submitted February Term, 1907—Decided June 10, 1907.

*Certiorari* will not lie to review an order of the Circuit Court in an ordinary action to enforce a mechanics' lien, since the court is a constitutional court of record of general jurisdiction proceeding according to the course of the common law.

On rule to show cause why a *certiorari* should not issue.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the rule, *Bleakly & Stockwell.*

Contra, *Matthew Jefferson, James M. E. Hildreth* and *French & Richards.*

The opinion of the court was delivered by

SWAYZE, J. After a trial of this case in the Cape May Circuit, the defendant obtained a rule for a new trial, reserving exceptions. Upon the argument the plaintiff learned

that the only reasons relied upon were the alleged errors covered by the exceptions that had been reserved. Thereupon the plaintiff, relying upon the decision of this court in *Holler* v. *Ross,* 38 *Vroom* 60, moved to dismiss the rule. Instead of granting the motion the court amended the rule by eliminating the reservation of exceptions, the benefit of which the defendant waived, and then granted a new trial. It is this order which the plaintiff now seeks to review by *certiorari.*

The Circuit Court is a constitutional court of record having general jurisdiction over common law actions *inter partes,* and proceeding therein according to the course of the common law. As such its orders are reviewable, not by *certiorari,* but by writ of error, and only after final judgment. *Taylor Provision Co.* v. *Adams Express Co.,* 43 *Vroom* 220.

The proceedings in an action to enforce a mechanics' lien proceed according to the course of the common law; the statute expressly enacts that the practice, proceedings and pleadings thereon shall be conducted, and the judgment entered, as in suits in said Circuit Court to recover money due on contract. The regular method of review is by writ of error. Numerous instances are to be found in our reports. It is sufficient to cite a few of the more recent. *Barnaby* v. *Bradley & Currier Co.,* 31 *Vroom* 158; *Naylor* v. *Smith,* 34 *Id.* 596; *Ennis* v. *Eden Mills Paper Co.,* 36 *Id.* 577; *Murphey-Hardy Lumber Co.* v. *Nicholas,* 37 *Id.* 414; *Turner* v. *Wells,* 38 *Id.* 572; *Buckley* v. *Hann,* 39 *Id.* 624; *Smith* v. *Colloty,* 40 *Id.* 365.

So uniform a practice indicates that the method of reviewing proceedings in suits to enforce mechanics' liens is the same as in any common law action in the Circuit—by writ of error after final judgment, and not by *certiorari.*

If it were in our power to award the writ, we ought not to do so in this case. The Circuit Court has control of its own rules and may correct any inadvertence or mistake therein. 1 *Tidd Pr.* (*3d Am. ed.*) *506.

The motion is denied, with costs.