The bill in this cause is filed for the purpose of securing a deficiency decree against the devisees and legatees of the original mortgagor and against the grantee of the original mortgagor, said grantee having assumed and agreed to pay the original debt.
The bill in this cause is admittedly filed within six months of the sale of the mortgaged premises under foreclosure, but not within three months from said date, as provided in P.L. 1933ch. 82 p. 172. *Page 491 
The legatees of the original mortgagor and obligor have moved to strike the bill of complaint on the ground, inter alia, that the bill was not filed within three months after the date of the sale of the mortgaged premises under the foreclosure, and it is asserted by these defendants that the bill, under chapter 82 of the laws of 1933, must have been filed by that time, or the suit is barred as to them. They admit that as to the defendant who assumed and agreed to pay the mortgage debt, the act above referred to does not apply and, in fact, that defendant has made no motion directed to the bill.
There is no dispute but that the language contained in the deed, under which the defendant Pollock assumed the payment of the debt, created an obligation on his part for the payment thereof, which the mortgagee may enforce in equity as against Pollock, and there is no dispute but that the remedy is in equity and not in law, and that the mortgagee, in order to avoid a circuity of action, had a right to join the original mortgagor as a party defendant in his equitable suit.
It is true that in the case of Black Diamond Building and LoanAssn. v. Redlinghouse, 113 N.J. Eq. 1, Vice-Chancellor Stein held that the statutes, 3 Comp. Stat. p. 3421 § 48 (P.L.1880 p. 255, as amended by P.L. 1881 p. 184), did not impair the remedy of the complainant in that case.
The cases relied on by Vice-Chancellor Stein were Green v.Stone, 54 N.J. Eq. 387, and Holland Reformed School Society
v. De Lazier, 84 N.J. Eq. 442.
An inspection of these two cases discloses that the suit in the first above-cited case was by Green, mortgagee, against Stone, a purchaser from the mortgagor of a portion of the mortgaged premises, praying a decree that the defendant pay the balance of the mortgage debt remaining unpaid after applying thereto the amount realized from the foreclosure and sale of the mortgaged premises. In other words, in that suit, the original mortgagor was not a party, nor was any decree sought against him. *Page 492 
In the second above-cited case, the bill was filed by the original mortgagor, who had paid a deficiency judgment secured against him in the law courts against a grantee who had, subsequent to the execution and delivery of the bond and mortgage, purchased the premises and assumed the payment of the debt.
In both of the above cases, it was held that the complainants could recover under "the ancient and familiar doctrine in equity that the creditor shall have the benefit of any obligation or security given by the principal to the surety for the payment of the debt, and the remedy in a court of equity to enforce this equitable doctrine, are not impaired by this legislation,"i.e., the acts of 1880 and 1881.
In neither of the above cited cases did the court pass on the question as to whether or not, in a suit brought by the mortgagee against the original obligor, joining with the original obligor the assuming vendee, the statute applied as between the complainant and the defendant, original obligor.
There is no question but that if the complainant had endeavored to recover the deficiency against the original obligor at law, the proceedings for the recovery thereof must have been started within the statutory time, and that if it was not so started, the cause of action was dead.
The original obligor has been brought into a court of equity for the convenience of the complainant in securing a judgment, both against the original obligor and his grantee who assumed the mortgage, and the question is whether or not the defendant, original obligor, is to be deprived, in a court of equity, of an absolute bar which he would have had in a court of law. In other words, will equity deprive him of a defense which he had in a court of law, merely because the complainant sees fit to avoid the circuity of action by suing both parties in equity?
It seems to me that the answer to the above question is obvious, and that the answer is that "an equity will not be enforced at the expense of a legal right. A legal right prevails over a pure equity." Papp v. Metropolitan Life Insurance Co.,113 N.J. Eq. 522 (at p. 528). *Page 493 
Were this answer not correct, there is no statute of limitations as against the original obligor, when brought into this court as he is herein, other than the statute which provides a limitation of sixteen years on bonds, so that the very thing that the legislation of 1881 was enacted to accomplish would be thwarted in each instance where the mortgagee was privileged to sue in equity the original mortgagor and his assuming grantee.
In the Black Diamond Case, an inspection of the stipulation before the vice-chancellor, setting forth the facts, discloses that the bill was filed within the statutory period, so that it was not necessary for a decision in that case for the vice-chancellor to pass on the question as to whether or not the provisions of the acts of 1880 and 1881, in so far as they related to the statute of limitations was concerned, applied or not, so that that case is not an authority for the denial of the motion to strike in this case.
The rule that equity follows the law is not of universal application, and as stated in 1 Pom. (4th ed.) 796 § 427:
"Throughout the great mass of its jurisprudence, equity, instead of following the law, either ignores or openly disregards and opposes the law," and as stated by Vice-Chancellor Berry, inGiberson v. First National Bank of Spring Lake, 100 N.J. Eq. 502
(at p. 508), "if the ends of justice require it, equity may hurdle as well as go around" the law, but unless the ends of justice require it, equity will follow the law and protect a party litigant from being deprived of the defense which, had he been sued at law, would constitute a complete bar.
The result is that the defendant, the original obligor, when brought into equity by a complainant seeking a deficiency decree against him and his grantee who has assumed the debt, is entitled to interpose as a defense the statute providing for a limitation of time within which an action may be brought.
The complainant says that irrespective of the questions heretofore discussed, he has complied with the provisions of the act of 1881 by bringing his suit within the six-months *Page 494 
period, and that the act contained in chapter 82 of the laws of 1933 is unconstitutional and not operative to change the period within which suit must be brought from six months to three months.
It is true that the court of errors and appeals, in the case ofVanderbilt v. Brunton Piano Co., 111 N.J. Law 596, has declared that the provisions of that act, "setting up a fair market value as a single, self-sufficient, resistless fact in reduction of a deficiency on a mortgage debt as fixed by a foreclosure sale under P.L. 1880 ch. 157 (3 Comp. Stat. p.3420), do not constitute a remedy of substantially like sort and character with that existing in the court of chancery," and that that act, in that respect, is unconstitutional, in that it limits or restricts the pre-existing right of recovery on the bond.
The question is, then — is the unconstitutional part of chapter 82 separated from that part which may be constitutional, or is the unconstitutional part of the act wholly independent of the other parts, because "if they are so connected and dependent as to warrant the belief that the legislature intended them as a whole, they must stand or fall together." Morris v. Carter,46 N.J. Law 260 (at p. 267).
The bond in question is dated June 1st, 1921, and was, therefore, given after the acts of 1880 and 1881, the act of 1907 (P.L. 1907 p. 563), the act of 1911 (1 Cum. Supp. Comp. Stat.p. 1973 § 134-53a), and the act of 1915 (P.L. 1915 p. 339), and was subject to the provisions of these statutes. One of these provisions was a limitation of action on a bond for deficiency to a six-months period after the foreclosure sale.
It is to be observed that none of these acts have ever been declared to be unconstitutional as to subsequent contracts,i.e., bonds executed after the respective acts took effect.
The act of 1933 has been declared unconstitutional in theVanderbilt Case, as above set forth, as to bonds executed prior to the effective date of the act, but it will be observed that every other part of the act of 1933 (other than that dealt with in that case) was the statute law prior thereto, with *Page 495 
the exception of a limitation of three months instead of six months within which to bring suit.
Let us see if this is so. Section 2 of the act of 1933 provides that collection of the debt shall be by foreclosure first, and then on the bond. This was so under the act of 1881. That suits on the bond shall be within three months. The act of 1881 provided six months. The first proviso of section 2 provides that a party to be charged on the bond must be made a party to the foreclosure. This was always permissible but not compulsory, and is a reiteration of the laws of 1932, and it is procedural.Klorman v. Westcliff Co., 12 N.J. Mis. R. 266;170 Atl. Rep. 251.
The second and third provisions have been declared unconstitutional under the Vanderbilt Case.
Section 3 provides for opening the foreclosure for redemption "and the person against whom the judgment has been recovered may redeem the property." This was so by the act of 1915. The language of section 3 following this provision, and down to the first proviso, is:
"By paying the full amount of money for which the decree was granted, with interest to be computed from the date of said decree, and all costs of proceedings on the bond; all reasonable expenses which the purchaser may have incurred in the meantime for taxes, assessments, other prior liens, necessary repairs upon the premises and interest on the same, after deducting from the amount thereof such income as said holder may have derived from the possession of the said premises, either as rent, or otherwise."
This was so under the act of 1915.
The language embraced in the second proviso is unconstitutional under the Vanderbilt Case.
The result is that the amendment of 1933 as to those parts not declared unconstitutional in the Vanderbilt Case (dealing with fair value) were all in effect when the bond and mortgage were given, other than the making of the obligor a party to the foreclosure suit and the reduction of the period of the statute of limitations.
There are a great number of decisions holding that statutes *Page 496 
of limitations are matters of remedy and do not come under the constitutional provision against the passage of laws impairing the obligations of contracts, unless by taking away the remedy they destroy the contract by making the enforcement thereof impossible. Sturges v. Crowninshield, 17 U.S. 122; Bronson v.Kinzie, 42 U.S. 311, 315; Terry v. Anderson, 95 U.S. 628, in which latter case the court said (at p. 632):
"This court has often decided that statutes of limitations affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. Hawkins v. Barney, 5 Pet. 457; Jackson
v. Lamphire, 3 Id. 280; Sohn v. Waterson, 17 Wall. 596;Christmas v. Russell, 5 Id. 290; Sturges v. Crowninshield, 4Wheat. 122. It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed, than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the legislature may change them at its discretion, provided adequate means of enforcing the right remain.
"In all such cases, the question is one of reasonableness, and we have, therefore, only to consider whether the time allowed in this statute is, under all the circumstances, reasonable. Of that the legislature is primarily the judge; and we cannot overrule the decision of that department of the government, unless a palpable error has been committed. In judging of that, we must place ourselves in the position of the legislators, and must measure the time of limitation in the midst of the circumstances which surrounded them, as nearly as possible; for what is reasonable in a particular case depends upon its particular facts."
To like effect is Barnaby v. Bradley Currier Co.,60 N.J. Law 158, and Warshung v. Hunt, 47 N.J. Law 256. *Page 497 
It is quite apparent that the intention of the legislature in enacting the 1933 statute was to incorporate in this amended act a restatement of the requirements incident to judgment for deficiency in foreclosure cases, as these requirements had theretofore been incorporated in various acts of the legislature, hereinbefore quoted, and in addition, to reduce the time within which the proceedings on the bond for deficiency should be started, as well as to provide a reduction of the amount for which judgment could be entered. It seems quite clear that the taint of unconstitutionality affecting the reduction of judgment feature is independent of the rest of the act.
If the act of 1880, in the year of 1933, was the only act on the books, and the acts of 1881, 1907, 1911 and 1915 had never been passed, then the act of 1933 would be subject to the condemnation of Morris v. Carter, supra, wherein the court said:
"The six months' limitation to the action on the bond has no significance, unless coupled with the previous sale of the mortgaged lands, and the subsequent right of redemption."
The original mortgagor and obligor had the benefit of all those acts which had been passed prior to the act of 1933, and all that was attained by virtue of the act of 1933, as to those parts not condemned by the Vanderbilt Case, is the reduction of the time limit.
The result is that the amendment is not subject to the infirmities of the statute under consideration in the case ofMorris v. Carter, supra, and we find, as said inPennsylvania Co., c., v. Marcus, 89 N.J. Law 633, that this amendment, in these respects, not condemned in the VanderbiltCase, "does not impair the obligation of contracts or deprive a party of any remedy for enforcing a contract which existed when the contract was made, as provided by article 4, section 7 of the constitution of this state."
The motion to strike will be granted. *Page 498