Union County Court of Common Pleas.

UNION COUNTY BUILDING AND LOAN ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. LAWRENCE L. WELTCHEK AND FANNIE WELTCHEK, DEFENDANTS.

Decided November 28, 1934.

For the plaintiff, *Robert H. McAdams*.

For the defendants, *Harry Weltchek* and *Emanuel Wagner*.

McGRATH, C. P. J. The plaintiff's complaint alleges that the defendants mortgaged certain properties to the plaintiff on January 21st, 1929; that there was a default and the property was sold on June 21st, 1933, under foreclosure. Suit is for a deficiency and the complaint recites that on October 20th, 1933, a notice of the proposed suit was properly filed and that the suit was commenced within six months of the date of the sale.

Defendants move to strike out the complaint on the ground that suit was not commenced within three months of the date of sale, as provided in chapter 82 of the laws of 1933. The plaintiff contends that the laws of 1933, chapter 82, changing the period of limitations from six months to three months is unconstitutional and that the suit is governed by

the prior statute of 1881, giving the plaintiff six months in which to sue.

It is well settled that the obligation of a contract is not impaired by a law which changes the legal or equitable means for its enforcement existing at the time it was entered into, provided an adequate though perhaps not so convenient remedy is retained or substituted therefor. "Although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional. Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract." *Bronson* v. *Kinzie,* 1 *How.* 311, 316. Thus in *Wheeler* v. *Jackson,* 137 *U. S.* 245, a statute shortening the period of limitation for bringing an action, but not reducing it to an unreasonably short period, was sustained; and in New Jersey our Court of Errors and Appeals has held that the legislature may pass statutes of limitations which shall apply to existing contracts, provided a reasonable time in which to bring suit is allowed. *Barnaby* v. *The Bradley & Currier Co.,* 60 *N. J. L.* 158; 37 *Atl. Rep.* 764; *Wootton* v. *Pollock,* 116 *N. J. Eq.* 490; 174 *Atl. Rep.* 497. In all such cases the question is one of reasonableness and as to that the legislature is primarily the judge; and in judging the reasonableness of the limitation the court must consider the circumstances and cannot overrule the judgment of the legislature unless a palpable error has been committed. *Terry* v. *Anderson,* 95 *U. S.* 632; 24 *L. Ed.* 365. In Wootton *v.* Pollock the court held the change not unreasonable as applied to a suit in equity; and nothing has been shown which would indicate that the change from six months to three months is unreasonable as applied to a suit at law; and the change therefore is not prohibited either by the United States constitution or the constitution of New Jersey.

It is true that this law of 1933, chapter 82, relied upon by the defendant, has already been declared unconstitutional on another ground. In *Vanderbilt* v. *Brunton Piano Co.,* 111 *N. J. L.* 596; 169 *Atl. Rep.* 177, some provisions of the

act with reference market value have been declared unconstitutional; and the rule is that if the unconstitutional parts of the law are so connected and dependent upon the provisions regarding the three months period as to warrant the belief that the legislature intended them as a whole, they must stand or fall together. *Morris* v. *Carter,* 46 *Id.* 260. It is also true that in the more recent case of *Fruzynski* v. *Jablonski,* 117 *N. J. Eq.* 117; 175 *Atl. Rep.* 112, our Court of Errors and Appeals reiterates that the right to recover the amount of a deficiency cannot be impaired.

However, as pointed out in *Woolton* v. *Pollock, supra,* the act of 1933 appears to be nothing more than a restatement of the steps necessary for instituting suit for deficiency judgments (as these steps had already been provided in various previous acts) and in addition a reduction of the time within which such suit could be brought as well as provisions for a reduction in the amount for which judgment could be entered. There seems to be no connection between the reduction of the limitation to three months and the unconstitutional parts as to fair market value which were condemned in *Vanderbilt* v. *Brunton Piano Co., supra,* and therefore, no reason exists why the intent of the legislature to reduce the term should not be upheld even though other unconnected parts of the statute have been held to be unconstitutional.

The motion to strike out the complaint is therefore granted.