## HARRIS J. CHILTON *vs.* WALTER B. BROOKS, and others, Trustees.

*Mortgage—Assignment of Mortgage—Principal and Surety.*

The statement in a deed that the premises conveyed were subject
    to a mortgage, does not constitute an agreement by the grantee
    to assume and pay the mortgage debt; and hence as no personal
    obligation on the grantee to pay the mortgage debt is created,
    the relation of principal and surety as between the grantor and
    grantee does not arise, and the grantor is not discharged, nor his
    liability on the mortgage note affected, by any indulgence as to
    time of payment, given by the assignees of the mortgage to the
    grantee in the deed.

The mere failure or refusal of the assignees of the mortgage to
    resort to proceedings by distress to collect of the grantee in the
    deed the ground rent in arrear, did not affect the right of the
    mortgagor who was under covenant to pay such rent. He could
    have paid it himself, and been substituted to the rights and reme-
    dies of the assignees of the mortgage.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.    The
verdict and judgment were for the plaintiffs, and the
defendant appealed.

The cause was argued before ALVEY, C. J., IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*Benjamin E. P. Crampton,* for the appellant.

*W. Burns Trundle,* for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

This action was brought by the appellees against the appellant on a promissory note for $3,500, made by the defendant on September 27th, 1884, payable five years after date, (without days of grace,) to George Blackistone, trustee, or order, and which was endorsed by the payee to the plaintiffs. The note matured September 27th, 1889, and this suit was brought October 5th, 1889.

The facts of the case, as disclosed by the record, are, that the plaintiffs as trustees held a mortgage, made by one Marriott, on a certain lot on Madison avenue extended, in the City of Baltimore, to secure the sum of $3,500. This mortgage they assigned to George Blackistone, trustee, to enable him to foreclose the same as assignee ; and the property being sold under a power in the mortgage, the defendant became the purchaser thereof at $3,800. The sale having been ratified, the defendant paid $300 in cash, and gave the promissory note in suit for the balance of the purchase money, being $3,500. He also gave ten interest notes, each for $87.50, payable at intervals of six months, being the interest on the principal note, at 5 per cent. per annum. The defendant received a deed for the property, and gave the vendor a mortgage thereon, collateral to the principal and interest notes ; and thereupon the notes were endorsed to the plaintiffs by the trustee, Blackistone, and he also assigned the mortgage to them. The property sold was subject to an annual ground rent of $200, payable in semi-annual instalments of $100. The defendant,

in breach of the covenant in the mortgage, failed to pay the ground rent due, and also the half year's interest on the mortgage debt, which became due September 27th, 1886; and on the 3d day of November, 1886, he made a conveyance of the property to Mrs. Englar, a married woman, subject to the mortgage. Both interest and ground rent being in arrear, the plaintiffs, on the 21st of February, 1888, commenced proceedings for the sale of the mortgaged premises, under the power in the mortgage; and after some litigation and delay, a sale was effected for $2,500, and which sale was confirmed by the Court. Whereupon an auditor's account was stated, whereby, after allowing for taxes, ground rent and other necessary charges, there remained a balance of $984.54, to be credited on the principal of the mortgage debt. This account was ratified by the Court, and the balance ascertained was indorsed as a credit on the mortgage note as of the 9th of April, 1889. It also appears that suits were brought against the defendant on the unpaid interest notes, and that judgments were recovered, and that the money was made by executions thereon.

The case was tried below on the pleas, never indebted as alleged; never promised as alleged; and on a special plea, which was traversed by the plaintiffs, alleging that there had been an agreement entered into between the plaintiffs and Englar and wife for an extension of time for the payment of the mortgage debt and interest, and that, by the agreement, such extension of time was given without the concurrence or assent of the defendant. The issue formed on this allegation of the defendant made the principal question in the case.

Neither the mortgage from the defendant to Blackistone, which was assigned to the plaintiffs, nor the deed from the defendant to Mrs. Englar, is set out in the record, nor made part of any bill of exception that was taken. But in the defendant's first exception it is

stated, that the defendant himself as a witness proved, that he purchased the property and took a deed for it, and made the promissory note and mortgage to Black-istone, trustee, and that he held the property until he sold it to Mrs. Englar, subject to said mortgage; and then offered in evidence a certified copy of the deed from himself to Mrs. Englar for the property, executed on the 3d of November, 1886, *subject to said mortgage;* which, upon objection, the Court refused to admit in evidence under the issues made by the pleadings. And as we have just said, the deed is not incorporated in the ex-·ception, nor have its contents been stated, except as just recited.

The contention of the defendant is, that by reason of the conveyance of the property to Mrs. Englar, a married woman, *subject to the mortgage,* the grantee, Mrs. Englar, became the principal debtor to the plaintiffs, and that the defendant was placed in the position of mere surety for the mortgage debt; and that because the plaintiffs, as alleged, extended the time of payment to Mrs. Englar, or failed to take active proceedings to collect the debt, or the ground rent, upon notice by, and on request of the defendant, the latter is discharged from his responsibility upon the note; or at least, that he is discharged to the extent of the amount that could have been collected by the plaintiffs, by active and timely proceedings against the grantee in the deed. But the whole contention of the defendant is utterly without foundation, upon the facts of the case.

It is very true, as contended by the counsel for the defendant, that where a grantee covenants, or by apt terms assumes, to pay a mortgage debt charged on the granted premises, for the payment of which the grantor is bound, the relation of principal and surety arises; and an extension of the time of payment of the mortgage debt, by *valid agreement,* by the mortgagee, without the consent

of the mortgagor or grantor, will release the grantor from *personal liability.* This is the principle of the case of *George vs. Andrews*, 60 *Md.*, 26, adopting and following the case of *Calvo vs. Davies, et al.*, 73 *N. Y.*, 211. In this latter case, of *Calvo vs. Davies*, the Court said: "Davies could not, by any dealing or contract with Leslie, (the grantee of the mortgagor,) change the rights of the creditor to proceed on the bond, or compel him to resort in the first instance to the land;—citing *Marsh vs. Pike*, 10 *Paige*, 595. On the other hand, Davies' relation to the debt was not changed by his conveyance so as to take away his right as debtor, to pay the debt at any time after it became due, and upon his paying the debt, either voluntarily or by compulsion, he would, upon the doctrine of equitable subrogation, be entitled to be substituted to the mortgage security as it originally existed, with the right to proceed immediately against the land for his indemnity." This whole doctrine has been very fully and carefully considered, and the cases examined, in the recent case of *Keller vs. Ashford*, 133 *U. S.*, 610; and the conclusion deduced is quite in accord with the New York decisions and the decision of this Court, as well as the decisions of many of the other State Courts of the country.

But, in order to create the relation of principal and surety, as between the grantee in the conveyance and the grantor, in respect to a subsisting mortgage on the premises granted, it is necessary that there should be such terms employed, either in the deed, or in some collateral instrument, as will plainly show that the grantee assumed or agreed to pay the mortgage debt. For, as said by the Supreme Court, in *Shepherd vs. May*, 115, *U. S.*, 510, to raise such liability on the part of the grantee of the mortgagor, there must be words in the deed of conveyance from which, by fair import, an agreement to pay the debt can be inferred. Or, as said by the

Chilton *vs.* Brooks, *et al.*

same learned Court, in *Elliott vs. Sackett*, 108 *U. S.*, 132, "An agreement merely to take land, subject to a specified encumbrance, is not an agreement to assume and pay the encumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment, does not bind himself personally to pay the debt. There must be words importing that he will pay the debt to make him personally liable." To the same effect are the cases of *Belmont vs. Coman*, 22 *N. Y.*, 438; *Fiske vs. Tolman*, 124 *Mass.*, 254, and *Hoy vs. Bramhall*, 4 *C. E. Green*, 74, (19 *N. J. Eq.*) In this case, as we gather from the bill of exception, the deed of the mortgagor was made to a married woman, and merely recites the fact that the premises conveyed were subject to the mortgage held by the plaintiffs. This was simply the legal effect of the conveyance; but the fact recited fell far short of constituting a covenant or agreement by the grantee to assume and pay the mortgage debt, even if it be conceded that the grantee, being a married woman, was competent, by the simple acceptance of the deed, to bind herself by such an assumption —a proposition that we do not decide. The terms of the deed creating no personal obligation on the grantee to pay the mortgage debt, there was no such relation existing between the grantor and grantee in the deed as that of principal and surety; and as that relation did not exist, the grantor was not discharged, nor his liability on the note affected, by any indulgence as to time of payment, given by the plaintiffs to the grantee in the deed. *Shepherd vs. May*, 115 *U. S.*, 514. If, however, the terms of the deed were sufficient to show that the grantee had agreed to assume the payment of the mortgage debt, there is no proof of any such extension of the time of payment to the grantee by the plaintiffs as would affect the rights of the grantor in the deed. The mere failure or refusal on the part of the plaintiffs to resort to proceed-

ings by distress to collect of the grantee in the deed the ground rent in arrear, in no manner affected the right of the mortgagor, who was under covenant to pay such rent. He could have paid it himself and been substituted to the rights and remedies of the plaintiffs.

Upon careful examination of the whole record we find no question presented, either by the exceptions to the refusal to admit evidence, or to the refusal to grant prayers, in respect to which there was any any such error in the ruling of the Court as to require the reversal of the judgment; and the judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided 20th June, 1890.)