# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 25, 1913.

GEORGE F. LUNTENBERGER
VS.
FRANK SLOSSBERG, ET AL.

*Francis A. Buschman* for plaintiff.
*M. Albert Levinson* for defendant.

DUFFY, J.—

This proceeding is an effort to recover a decree in personam against the mortgagors, Slossberg and Farbman, for an unpaid balance of mortgage debt after foreclosure. The mortgage was for three years and expired September 1st, 1909. Prior to that date the premises, by assignments, had come into possession of Snyderman subject to the mortgage, but without a covenant binding on him to pay the mortgage debt. On August 18th, 1909, thirteen days before the maturity of the mortgage, for a consideration of fifty dollars, the mortgagee, by her attorney, Mr. Buschman, agreed with Snyderman to *renew* the mortgage for three years from September 1st, 1909, and pursuant to this agreement these words were endorsed on the principal mortgage note: "Extended for three years from September 1, 1909." The principal note thus endorsed was preserved, and new interest notes signed by Snyderman were given. The mortgagors testified that this agreement and extension were without their knowledge or consent.

When land is conveyed subject to mortgage, but without a covenant on the part of the assignee to pay the mortgage debt, the mortgagor remains the principal debtor, but if on the maturity of the mortgage it is extended by a binding agreement between the mortgagee and the assignee, without the assent of the mortgagor, the *land* becomes the principal debtor with reference to the mortgagor, who then becomes surety to the extent of the value of the land. If the land at this time is worth less than the mortgage debt, then as to the difference between the debt and the value of the land, the mortgagor remains primarily liable. At any time after maturity the mortgagor has a right to pay the mortgagee his claim, and be subrogated to his rights. When by extension of time by valid agreement with the assignee, the mortgagee is unable to assign to the mortgagor the claim, with the right of immediate foreclosure, he deprives the mortgagor of his right of subrogation. From the deprivation the law presumes an injury to the mortgagor. "The measure of his injury was his right of subrogation and that was necessarily measured by the value of the land. The extension of time took away his right of subrogation and discharged him to the extent of the value of the land."

Under circumstances such as are disclosed in this case, to entitle the mortgagee to a decree in personam against the mortgagors for the deficit it is incumbent on him to prove what the value of the property was at the maturity of the mortgage, in order to ascertain how much, if at all, the mortgage debt at that time exceeded that value, for future depreciation should fall upon the mortgagee, and it is only for the amount that the mortgage debt exceeds the value of the land at that

256

time, that the mortgagor remains primarily liable.

94 N. Y. 616, Murray vs. Marshall.

14 Utah 103, Bunnell vs. Carter.

60 Minn. 175, Travers vs. Dorr.

27 Cyc. 1344.

I know that, according to Mr. Buschman, about the time of the maturity of the mortgage, Slossberg said the mortgagors were unable to pay it; but the right to pay it at any time after maturity with the attendant right of subrogation was a valuable right of which the mortgagors could not be deprived without their consent.

The complainant is the assignee of the mortgagors, but he took his title cum onere.

The Chilton case, 72 Md. 557, is not in point; there the assignment from mortgagor to assignee, and the foreclosure occurred during the life of the mortgage; the extension was a mere indulgence to the assignee of the mortgagor without consideration and not binding on the parties who made it, and therefore did not impair the rights of the mortgagor. Here the extension was a valid contract and binding on the parties to it, and materially affected the rights of the mortgagors who did not assent to it.

Nor is the case of George vs. Andrews, 60 Md. 30, analagous, for there the assignee covenanted to assume the mortgage debt.

The case will be reopened for the purpose of taking testimony as to the value of the property at the time of maturity of the mortgage in accordance with this opinion, and the burden of proof is on the complainant.