HOLLAND REFORMED SCHOOL SOCIETY OF PASSAIC COUNTY,
NEW JERSEY, a corporation,

*v.*

JACOB DELAZIER AND THE LEWIS GREASE CUP COMPANY, incorporated.

[Submitted September 21st, 1914. Decided November 18th, 1914.]

1. A purchaser, assuming payment of a mortgage on the premises executed by the vendor, becomes, as between the parties, the principal debtor, and the vendor is only a surety.

2. Where a purchaser assumed payment of a mortgage on the premises executed by the vendor, the mortgagee might, by way of subrogation, have the benefit of all collateral obligations which the person standing in the situation of a surety for another holds for indemnity, and the remedy of the mortgagee in equity is independent of a foreclosure suit, unaffected by the acts of 1880 or 1881.

3. Where a vendor, selling to a purchaser assuming payment of a mortgage on the premises executed by the vendor, paid a deficiency on foreclosure of the mortgage, he became subrogated to the rights of the mortgagee against the purchaser.

4. Where a vendor, selling to a purchaser assuming payment of a mortgage on the premises executed by the vendor, paid a deficiency on a foreclosure, and the mortgagee assigned to him all his interest under the foreclosure decree, the vendor became invested with the rights which the mortgagee had to proceed against the purchaser as principal debtor, including the right to proceed against him in equity.

5. Where a bill in equity is sufficient on its face without reference to allegations of certain covenants entered into between the parties, a demurrer to the bill must be overruled.

On demurrer to bill.

*Mr. Francis Scott,* for the complainant.

*Messrs. Ward & McGinniss,* for the demurrant, DeLazier.

GRIFFIN, V. C.

The bill in this cause was filed to charge the defendants with a deficiency ascertained in a foreclosure suit. To the bill the

defendant, DeLazier, demurs, substantially on five grounds— *first,* that the court was without jurisdiction; *second,* that the remedy of the complainant is at law; *third,* that the complainant has no right to call upon the defendant, Jacob DeLazier, concerning the subject-matter of the suit; *fourth,* that the complainant has no right to the relief that it prays for, and *fifth,* that there is no privity between the complainant and the defendant, Jacob DeLazier.

The facts appearing by the bill are as follows: The complainant executed its mortgage on the 11th day of July, 1894, to Agnes A. Gould, to secure the amount due on a bond for $1,500, and interest. The mortgage, by mesne assignments, became vested in John O. Benson and Jacob DeLazier, executors of the estate of John O. Terhune, deceased, and they assigned the bond and mortgage to David H. Wortendyke, and the bill alleges that said Jacob DeLazier, in consideration of said assignment of said bond and mortgage to David H. Wortendyke, and also in consideration that said Jacob DeLazier had been the owner of said property and had assumed and agreed to pay said mortgage, expressly covenanted that he would be responsible for said sum of money in consideration of said mortgage; and that he would pay any deficiency that might arise upon the foreclosure of said mortgage. The complainant conveyed to DeLazier on December 14th, 1908, and DeLazier assumed the mortgage. DeLazier and wife conveyed to the Grease Cup Company subject to the mortgage, which the Grease Cup Company assumed and agreed to pay. David H. Wortendyke foreclosed the mortgage and there was a deficiency of $1,306.96, with interest from January 13th, 1914. Wortendyke sued the complainant in the Passaic circuit and obtained judgment, and in consideration of paying the judgment, Wortendyke, in the language of the bill—

"assigned in writing, in consideration of the sum of $1,314.89, to your orator, its successors and assigns, all the right, title and interest under the said final decree and said judgment, and all the sum and sums of money that may be had or obtained on any proceedings to be had thereupon, and further constitutes the *plaintiff,* its successors and assigns, his lawful attorney to demand and receive, and to pursue any action at law or in equity for the recovery of the money due and to become due

by reason of said assignment, and against any person or corporation as *plaintiff* may deem fit. Said assignment was duly executed and acknowledged by said David H. Wortendyke."

When DeLazier assumed the payment of the mortgage, as between the parties, DeLazier became the principal debtor, and the liability of the complainant was that of surety only; and by a well-settled doctrine of equity, the mortgagee, as a creditor, may, by way of subrogation, have the benefit of all collateral obligations which the person standing in the situation of surety for another holds for his indemnity. And the remedy of the mortgagee is not affected by the acts of 1880 or 1881. The remedy in equity is independent of the foreclosure suit. *Green* v. *Stone, 54 N. J. Eq. 387, 390, 391.* This conclusion was reached by the court of errors after a careful examination of the cases cited in the opinion, which are unnecessary to refer to here. Therefore, when the complainant, as surety, paid the deficiency, it became subrogated to the rights of the mortgagee against DeLazier and the Grease Cup Company; and when the mortgagee assigned to the complainant, it became invested with all the rights which the mortgagee had to proceed against the defendants as principal debtors in the assumption of the debt. One of these rights was to proceed against them in equity.

Touching the allegation in the bill that when Benson and DeLazier, as executors of Terhune, assigned the mortgage to Wortendyke, DeLazier, in view of the liability on his prior assumption of the mortgage, covenanted to pay any deficiency that might thereafter be made to appear—this seems to be an independent covenant for the breach of which a suit at law might be maintained. *Bolles* v. *Beach, 22 N. J. Law 680.* But as the demurrer is to the entire bill, and as the bill is sufficient upon its face without the subsequent covenants entered into between DeLazier and Wortendyke when the mortgage was assigned, the demurrer should be overruled, and a decree will be advised accordingly.