## BENE CLOTT, PLAINTIFF, v. ARNOLD JORDAN AND PHILIP JAWITZ, DEFENDANTS.

Decided October 19, 1929.

For the plaintiff, *Hiram Elfenbein.*

For the defendants, *Eichmann & Seiden.*

ACKERSON, S. C. C. The complaint herein alleges that
plaintiff and his wife agreed by a writing dated August 27th,

1926, to convey certain real estate to the defendants for $38,500, which sum according to the copy of the contract attached to the complaint, the defendants agreed to "pay and satisfy or cause to be paid and satisfied" as follows: "On execution of agreement * * * $500. On delivery of deed $4,000. By * * * taking the property subject to a first mortgage due not earlier than September 1st, 1931; * * * $22,000. By * * * taking the property subject to a second mortgage due not earlier than September 1st, 1928. * * * $12,000."

It is further alleged that said premises were conveyed to the defendant Arnold Jordan alone, by deed dated November 1st, 1926, the other defendant, Philip Jawitz, consenting thereto. That at the time of closing title the defendants "kept back and retained a sum out of said purchase money, sufficient to pay the said two mortgages, viz., the sum of $34,000, and thereupon the said Arnold Jordan and Philip Jawitz did agree that out of the said portion of the purchase money so retained by them, they would pay the principal and interest of the two mortgages aforesaid, in accordance with the terms thereof, and thereupon the aggregate amount of the said two mortgages, viz., $34,000, was deducted from the consideration or purchase money to be paid to the plaintiff herein. That by reason of the retention of said sum, "they agreed and became bound in law to pay the said two mortgages, and to apply said moneys toward the payment of the same, and to indemnify and save harmless the said plaintiff against the payment of said mortgage debts."

The complaint further alleges in substance, that defendants failed to apply so much of the retained purchase price as was necessary to pay said mortgages, with the result that the $12,000 mortgage was foreclosed and the premises sold resulting in a deficiency which the plaintiff as the mortgagor bound on said mortgage, was obliged to pay, and, therefore, plaintiff seeks reimbursement from the defendants.

The matter now comes before me upon a motion by the defendant Arnold Jordan, to strike out this complaint upon the following grounds:

"1. The allegations contained in the complaint show no facts whereby the defendant Arnold Jordan is legally liable to the plaintiff for the damages claimed in the complaint.

"2. That the Supreme Court of the State of New Jersey has no jurisdiction to try any issue that might be raised by reason of the facts alleged in the complaint.

"3. That the complaint is frivolous."

Neither side has produced affidavits in support or resistance of said motion, except that the defendant Jordan has produced a verified copy of the deed by which he acquired title to the premises in question from the plaintiff, which discloses that the consideration therefor is stated in said deed as "one [$1.00] dollar and other good and valuable considerations," and the only reference therein to the mortgage in question follows immediately after the description of the premises, and reads as follows:

"Subject to a second mortgage in the sum of $12,000 held by Florence E. Gorman."

The first and third grounds of objection to the complaint both attack the legal sufficiency of the complaint and may be considered together.

The defendant insists that there is nothing in the deed for said premises nor in the contract of sale showing an agreement to indemnify the plaintiff against the consequences of a deficiency arising from the sale of the mortgaged premises and hence the defendant is not liable to the plaintiff.

It is apparent, therefore, that the controlling question in the case is whether the appellant by his deed or agreement, or either or both of them, assumed the obligation of protecting the defendant, his vendor, against any liability on account of the mortgages on the property.

In the first place the defendant contends that we must look to the language of the deed alone to determine this question, because, as he claims, the contract of sale was completely merged in the deed which merely states that the conveyance is made subject to the mortgage encumbrances without any express assumption clause contained therein. It is well settled, however, that an engagement to assume a mortgage

debt is a collateral and independent covenant or contract and is not merged into the deed, and may exist separate from and independently of the deed and may in fact rest entirely in parol and even in the face of a covenant against encumbrances contained in the deed. *Bolles* v. *Beach,* 22 *N. J. L.* 680; *Wilson* v. *King,* 23 *N. J. Eq.* 150, 152; *Holland Reformed School Society* v. *DeLazier,* 84 *N. J. Eq.* 442; 93 *Atl. Rep.* 199; 50 *A. L. R.* 1220; 27 *C. J.* 225, § 215.

Regardless of the question of merger, however, the case of *Bolles* v. *Beach, supra,* is authority for the proposition that the grantor of a deed is not estopped by the usual acknowledgment therein, that the purchase-money has been paid, from inquiring into the consideration and its receipt, where the intention in regard to the estate is not disputed, nor the operation of the conveyance, as such, sought to be changed. The clause is regarded as formal merely, and open for explanation even by parol. And especially is this so when the consideration for the deed is not completely expressed or is ambiguous. The deed in question here cannot be said to be either complete or unambiguous, for, instead of naming the actual consideration which the parties had agreed upon, it states that the grant was made in consideration of the "sum of one ($1.00) dollar and other good and valuable considerations." Manifestly that expression is too general to disclose the details of the consideration, and, in an action which is essentially to recover a part of the consideration, recourse must be had to some source, other than the deed. to ascertain what it was, and since the deed was executed in attempted compliance with an antecedent contract in which these parties had presumably agreed upon the consideration, we would naturally look to it for the information. To do that would not be to contradict the deed or anything contained in it, but to make certain and definite that which it leaves uncertain and indefinite. That distinction is clearly exemplified in the case of *Rosenthal* v. *Heft* (*Md.*), 142 *Atl. Rep.* 598, which is very much in point. Before examining the contract of sale attached to the complaint, however, we must have in mind that the decisions of our

courts and the weight of authority elsewhere support the proposition that the mere purchase of property subject to an existing mortgage does not create a personal obligation on the part of the purchaser to indemnify the vendor against the mortgage debt. *Tichenor* v. *Dodd,* 4 *N. J. Eq.* 454; *Chilton* v. *Brooks,* 72 *Md.* 554; 20 *Atl. Rep.* 125.

But such an obligation does not have to be express. It may be implied, and by the decided weight of authority in the absence of any express agreement to the contrary, such an obligation will be implied where a given price is to be paid for land which includes a mortgage debt, so that the mortgage debt is withheld from the purchase-money under such circumstances as will fairly and reasonably indicate that the vendee intended to assume the payment of the mortgage, or protect the vendor against the payment thereof. In such a situation, the purchaser is under an obligation to indemnify the vendor against the mortgage debt. *Heid* v. *Vreeland,* 30 *N. J. Eq.* 591; *Tichenor* v. *Dodd, supra; Freedman* v. *Zuckerman,* 145 *Atl. Rep.* 541; 41 *C. J.* 724; *L. R. A.* 1917-C, p. 594.

The rule is very vigorously expressed in the case of *Heid* v. *Vreeland, supra,* where the court said:

"There can be no doubt at this day that where the purchaser of land encumbered by a mortgage, agrees to pay a particular sum as purchase-money, and, on the execution of the contract of purchase, the amount of the mortgage is deducted from the consideration, and the land conveyed subject to the mortgage, the purchaser is bound to pay the mortgage debt, whether he agreed to do so by express words or not.

"This obligation results necessarily from the very nature of the transaction. Having accepted the land subject to the mortgage, and kept back enough of the vendor's money to pay the mortgage debt, it is only common honesty that he should be required either to pay the mortgage or stand primarily liable for it."

In the case *sub judice* the deed from the plaintiff to the defendant purported to convey the property "subject to a second mortgage in the sum of $12,000 held by Frances E.

Gannon," and standing alone, that language would mean that the vendee took only the equity of redemption, and assumed no personal liability with respect to the mortgages.

But the same deed recites that the consideration for it is "one ($1.00) dollar, and other good and valuable considerations," and, when the contract is examined, it is found that the "other good and valuable considerations" was the purchase price of $38,500, which the purchasers were to "pay and satisfy or cause to be paid and satisfied" as follows: $500 on the execution of the agreement, $4,000 in cash on the delivery of the deed, and the balance "by the party of the second part taking the property subject to a first mortgage due not earlier than Sept. 1, 1931 * * * $22,000. By the parties of the second part taking the property subject to a second mortgage due not earlier than Sept. 1, 1928 * * * $12,000."

Under this contract of sale the defendants agreed to pay $38,500 for the property, and that sum was to be "paid and satisfied" to the plaintiff. Instead of paying that sum in cash, the defendants elected to deduct from it the sum due on account of the two mortgages, and to pay in cash only $4,500. When they elected to deduct the amount due on the mortgages from the purchase price, they must have deducted it to pay the mortgages, for otherwise, instead of deducting it from the purchase price, they would have bought the equity of redemption for the difference between the amount due on the mortgages, and the stated purchase price, and this difference would have been stated in the contract as the consideration, but in the absence of any evidence qualifying the language of the contract and the deed, we cannot assume that the vendor intended and that the purchasers understood that they were to retain out of the purchase price the amount due on the mortgages, without any obligation on their part to pay the mortgages so as to exonerate the vendor from any liability on account thereof. A more reasonable assumption is that by that arrangement the defendants as vendees undertook, as a part of the purchase price, to indemnify the plaintiff against the payment of the mortgage

debt. Such was the reasoning in the case of *Rosenthal* v. *Heft, supra,* which seems to be identical with the case *sub judice,* and, therefore, directly in point. The defendants could not in any event be called upon to pay on account of the mortgages more for the property than the $38,500 stipulated in the agreement, but the plaintiff according to the defendants' contention, if they are required to pay any deficit due on the mortgages, will be compelled to deduct from the price which defendants' had agreed to pay him the amount of such deficit. Or, stated in another way, the defendants' contention is that, while they cannot be required to pay more than the purchase price on account of the mortgages, the plaintiff can be required to take less. With this contention I cannot agree, for it would be obviously unfair and unjust.

Furthermore it is difficult to understand how the plaintiff here could be said to have been "paid and satisfied" in the sum of $38,500 as the consideration for his conveyance, if the defendants are merely to take the property subject to the mortgages thereon for the greater part of that sum without any liability on their part to either pay the mortgages or at least indemnify the plaintiff against the payment thereof.

The mortgage money, in view of the language used in the contract of sale, became a part of the consideration for the conveyance, and unless the defendants are required to indemnify the plaintiff for the money he has spent in satisfying the deficiency resulting from the foreclosure sale of the mortgaged premises, this part of the consideration for the conveyance thereof has failed, and the plaintiff has had to give up a part of the cash payment which was given him on account of the purchase price of $38,500 which the contract of sale stated was to be paid or satisfied to him.

I have, therefore, reached the conclusion that the complaint sets forth a good cause of action.

The only question, therefore, remaining for consideration is whether this cause of action is properly brought in a court of law, or whether it should have been brought in a court of equity. This question is raised by the defendants' second ground for striking out the complaint, and while defendant

has not argued the question in his brief, and it may, therefore, be said to have been abandoned, nevertheless since the jurisdiction of this court is involved, I shall consider it.

In this connection it is to be noted that most of the cases in New Jersey dealing with the assumption of mortgage debts, are those where the mortgagee has attempted to collect from a grantee, and not where the vendor has sought to impress an implied promise upon the vendee, from the latter's having withheld from the purchase price the amount due upon mortgage encumbrances.

If it be true that where the amount of the mortgage debt has been deducted or retained by the purchaser out of the agreed purchase price of the premises, there is an implied engagement to protect the vendor against the mortgage debt as already discussed, then there would seem to be no good reason why a vendor under such circumstances should not bring his suit against the vendee in a court of law, which has always recognized the principle of implied contracts. Let us imagine a case where a vendee had agreed to pay $10,000 for property covered by a $5,000 mortgage, and at the time of settlement, the vendee had paid this $10,000 to the vendor who in turn handed back $5,000 to the vendee with which to pay the encumbrance. Can it be doubted for a moment that upon the vendee's failure to pay the mortgage, and the vendor being called upon to do so, that the vendor could bring a suit at law to recover the amount he thus paid on account of the mortgage? It seems to me that there can be no such doubt. If this is so, then in what respect would it be different from the case where in the settlement a vendee had merely paid to the vendor, out of the total agreed purchase price, the value of his equity, and had retained the amount of the mortgage. Of course, the case would be entirely different if the purchase price merely represented the value of the equity of redemption, and the consideration did not include the mortgage debt.

My attention has been called to the closing paragraph in the case of *Tichenor* v. *Dodd, supra,* which was. a suit in equity by. a grantor against his grantee to recover an amount

which the grantor had been obliged to pay on account of a mortgage given by him while he was the owner of the premises, the amount of which had been deducted from the full purchase price at the time of the conveyance. The court, after concluding that the complaint did set forth a good cause of action, concluded as follows:

"His remedy may possibly be by suit at law, as the counsel for the defendant contends; but it is at least doubtful whether he could sustain an action at law, even if he could prove all the facts admitted by the answer. He is therefore properly before this court, and entitled to the relief sought."

It is to be noted that the court did not hold that there was not a good cause of action at law, but merely held that there was enough doubt respecting the jurisdiction, as to justify a Court of Chancery in granting the relief prayed for.

The defendant also relies upon the case of Loudenslager *v.* Woodbury Heights Land Company. This case was brought at law by a vendor against his vendee and the complaint charged an express assumption of the payment of a mortgage debt by the vendee, but the deed attached to the complaint from which it was alleged that the express assumption agreement arose, did not show any express agreement on the part of the vendee to pay the mortgage debt. In the course of the opinion the court said:

"The declaration now demurred to counts upon a contract to assume the mortgage and to pay it. It appearing from the deed that there was no such contract, the declaration is faulty. Whether the action could be maintained if the declaration is so amended as to count upon a contract to pay the consideration in the deed, cannot now be considered."

In the case *sub judice* as already noted, the complaint is not based upon an express assumption of the payment of the mortgages in question, but is based upon an implied engagement to pay the mortgages in question arising out of the alleged fact that the defendant had agreed to pay the full value of the premises, including the amounts of the mortgages to the plaintiff, but that in the settlement the amount due

upon the mortgages was deducted from the purchase price, hence giving rise to an implied contract to apply the moneys on the mortgages. This would seem to be equivalent to alleging "a contract to pay the consideration in the deed," as mentioned in the case last above cited. And whether a complaint thus framed would be good in law, the case last cited does not attempt to decide.

Where by the terms of sale the mortgage money is to be taken as a part of the consideration, equity may protect the vendor by imposing upon the "conscience" of the purchaser an obligation to indemnify the vendor against the mortgage debt, as in the case of *Tichenor* v. *Dodd, supra*. But a court of law can accomplish the same end through the medium of an implied contract of indemnity.

The breach of an express promise to indemnify a vendor against the payment of a mortgage debt would undoubtedly be cognizable in a court of law. If that is true, how can it be maintained that an implied promise stands upon a different basis.

The case of *Rosenthal* v. *Heft, supra,* was an action in assumpsit in a court of law. *Twitchell* v. *Mears, 8 Biss* 211; 24 *Fed. Cas.* 14286 is also authority for the proposition that such an action may be maintained in a court of law.

It follows from what has been said that the defendants' motion must be denied and an order may be presented in accordance with the conclusion thus reached.