RAYMOND LEWIS BAINDER *v.* SOUND BUILDING & LOAN ASSOCIATION.

[No. 62, October Term, 1931.]

598

*Decided January 14th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Parke, and Sloan, JJ..

*David Ash,* for the appellant.

Offutt, J., delivered the opinion of the Court.

Harry H. Fine, trustee under a consent decree entered in the Circuit Court of Baltimore City, foreclosed a mortgage, executed to the appellee in this case on the 14th of June, 1923, by Raymond Lewis Bainder and Israel Levey for $2,100, on property known as No. 37 South Bond Street in

the City of Baltimore. The property was sold by the trustee in ordinary course, the sale reported and finally ratified, the papers referred to one of the auditors of the court for an account, and he, on February 9th, 1931, filed his report and account, which showed a balance on the mortgage debt still due and owing to the mortgagee. On February 19th, 1931, Bainder filed exceptions to the ratification of that account, and on May 2nd, 1931, after a hearing, the court dismissed the exceptions and finally ratified the account. On the same day, Bainder moved to vacate the ratification of the account, and that motion was also overruled, and he then filed three several appeals to this court, one from the order dismissing exceptions to the auditor's account, one from the order ratifying the auditor's account, and one from the order overruling the motion to vacate the ratification.

The appellant stated in his exceptions: "That at or about the month of August, in the year nineteen hundred and twenty-three, the interest of said mortgagors was by this exceptant and his co-mortgagor conveyed away; and that ever since said time the Sound Building & Loan Association, a body corporate, plaintiff, looked to the grantee of said interest, his personal representatives and assigns for payment of said mortgage debt with interest, and the performance of each and every the covenants in said mortgage contained, and accepted payments on account thereof. And for that during the course of said acts said mortgagee did, without the knowledge or concurrence of this exceptant, indulge said grantee, his personal representatives and assigns, without the knowledge or consent of this exceptant"; that his co-mortgagor, Israel Levey, died on or about September 30th, 1926, and his estate was administered in the Orphans' Court of Baltimore City, but that although notice to creditors was duly given, the appellee "made no claim in the matter of said estate, but by its inaction waived said claim." He further alleged: "That by the terms of the mortgage hereinbefore exhibited, practically the entire amount of said mortgage should, by this time, have been paid, under the terms thereof, and by the repeated, consistent, and consecutive failures of said plain-

tiff to make collections on said mortgage as therein provided, and by the repeated and consecutive indulgences of said plaintiff, without the knowledge or concurrence of your exceptant, as hereinbefore set forth, it appears that only the sum of six hundred and thirty-eight dollars and forty-six cents ($638.46) was collected, whereas no less sum than the sum of four hundred and four dollars and four cents ($404.04) should have been collected annually by said mortgagee under the terms, conditions and covenants of said mortgage," that the mortgagee was guilty of laches, and "is not entitled to the payment by this exceptant of any alleged amount still due and owing on said mortgage as shown by said Auditor's Report and Account." And after stating that no sufficient statement of the mortgage claim had been filed, and that he excepted to the auditor's finding that $982.52 was still due and owing on the mortgage claim, the exceptant concluded as follows: "That by the failure of said mortgagee to make claim in the matter of the Estate of Israel Levey, in the Orphans' Court of Baltimore City, as above set forth, this exceptant is precluded from claiming and receiving any contribution toward any sum which might, in the premises, be found to be still due and owing by said mortgagors or by this exceptant." Attached to the exceptions was an affidavit.

When the exceptions came on for a hearing, the exceptant made the following tender of proof: "I, as solicitor on his behalf, tender to prove to the court that R. Lewis Bainder and a certain Israel Levey, were mortgagors in said mortgage; that Israel Levey died; that large claims were filed by way of petition in the Orphans' Court of Baltimore City where the estate of Israel Levey was being administered on behalf of the plaintiff in this case; that included in such claims were claims of moneys due under the mortgage here being foreclosed; that settlement was made with said Sound Building and Loan Association in the Orphans' Court on said petition; that two checks were passed by the administrators in the Orphans' Court, of whom the president of the plaintiff here was one, and the secretary of the plaintiff here was

another; two checks were passed by them to the plaintiff here in the sum of $289.25 and $5,858.37, aggregating the total sum of $6,147.62; that in endorsing said checks they made the following agreement and signed the following agreement at that time: 'In view of the insolvency of the estate of Israel Levey, deceased, the amount appearing on the face of this check is accepted by the payee as payment in full of any and all claim of any and all kinds now due and owing by the said decedent estate to the payee, and the said estate of Israel Levey, deceased, the administrators thereof and the heirs and distributees of the said decedent are hereby released and forever discharged from any and all claims of any and all kinds which the payee now has or might have against said decedent, his administrators, heirs and distributees, either at law or in equity by virtue of said decedent's indebtedness to the said payee' "; that no part of the money thus received by the appellee was credited on account of the mortgage debt; that other moneys "were paid by a certain Mayer Flitt and wife, the holders of a conditional contract of sale from Israel Levey for the property here being foreclosed, that said moneys were paid to Israel Levey, the attorney and agent of the Sound Building and Loan Association and are not properly credited in the auditor's account," and finally that payments were made to the appellee on account of Flitt and wife and not credited on the mortgage debt. The court, in the absence of any evidence or other offer, overruled that offer, and ratified the account without prejudice to the right of the appellant to interpose "such defence as he may have" in any proceeding filed to secure a judgment *in personam* against him.

From a comparison of the exceptions and the offer of proof, it appears that in the exceptions either the exceptant or some one for him made affidavit (1) that in August, 1923, he and his co-mortgagor Israel Levey "conveyed away" their "interest," presumably in the mortgaged property, and that since that time the mortgagee looked to their grantee for payment of the mortgage debt and interest; (2) that Levey died in 1926, and although his estate was administered in the Or-

phans' Court of Baltimore City, the appellant "made no claim in the matter of said estate, but by its inaction, waived said claim." The offer of proof contained no reference whatever to the fact alleged in the exceptions that Bainder and Levey had "conveyed away" their interest in the mortgaged property in 1923, but, in flat contradiction of the sworn statements contained in the exception, it did tender proof that the appellant did file a claim in the Orphans' Court of Baltimore City in Levey's estate for the debt due under the mortgage "here being foreclosed," that payments by check were made to it out of that estate, and that "they," presumably the administrators, indorsed on each check an agreement that the amount of the check was accepted as payment in full "of any and all claim of any and all kinds now due and owing by the said decedent estate to the payee." So that, from the exceptions and the offer of proof, it appears that at the time of the foreclosure Bainder no longer had any interest in the mortgaged property, that under no circumstances would he be entitled to participate in the distribution of the proceeds of the mortgage sale, that he has no possible interest in the auditor's account, except in so far as it is a basis for a proceeding for a decree *in personam* against him for the deficit resulting from the foreclosure sale, and that he was ready to prove that the sworn allegation of his exceptions that the appellant had never filed its claim for the debt due under the mortgage in issue here against Levey's estate was false.

Under those circumstances, we can discover no error in the refusal of appellant's offer of proof. Passing without comment the conflict between the exceptions and the offer, and assuming that, in so far as the proof tendered is relevant to any issue raised by the exceptions, it should be considered, the purpose of the offer was to support two contentions: One, that the mortgagee discharged and released the appellant's co-obligor under the mortgage from the payment of the mortgage debt, and that such discharge and release by operation of law also released the appellant from any further liability for such debt; and two, that payments on account of such

debt were made which were neither credited by the mortgagee nor allowed in the auditor's account.

There are two objections to these contentions: One is that the offer fails to show whether any part of the sums which the mortgagee received from the estate of Levey was paid on account of the mortgage executed by Bainder and Levey, or whether the general language of the indorsements on the checks which releases the administrators, heirs, and distributees of the "decedent," meant anything more than a release for a dividend paid by an insolvent estate. For if no part of the payments made to the mortgagee was paid on account of the mortgage under consideration, the mere fact that the mortgagee received dividends from the estate on other claims would not necessarily operate to discharge his claim against Levey's estate for the mortgage debt, unless such discharge affected the amount of the dividends paid to it. And if the checks received by the mortgagee from Levey's administrators were for dividends payable by an insolvent estate on account of claims secured by specific liens senior to that of the mortgage against the property of Bainder and Levey under this mortgage, in considering their effect on the liability of Levey's estate for the mortgage debt, the indorsement on the checks would naturally be construed in connection with the purpose for which the checks were given. And since the offer failed to supply the facts necessary to any intelligent consideration of those questions, it was insufficient.

But apart from that, if the mortgagee did in fact release and discharge the mortgage debt as against Levey's estate, that fact would not aid the appellant in this proceeding, even though it operated to discharge him also from further liability on that account. For in such a proceeding as this, which is against the mortgaged property alone, such an objection could only be made by the mortgagors, or, in the event of a sale of the equity of redemption, by the *terre tenant,* in a direct attack on the right of the mortgagee to foreclose the mortgage, and not collaterally in a proceeding relating exclusively to the distribution of the proceeds of a foreclosure sale, since the right of the mortgagee to subject the mort-

gaged property to the payment of the mortgage debt was conclusively fixed by the final ratification of the mortgage sale (*Albert v. Hamilton,* 76 Md. 304, 25 A. 341), for there can be no real doubt that, if Bainder as mortgagor personally was liable for any deficiency, he would have been interested in having the property sold for enough to discharge his liability, and he would have been entitled to protect that interest by objecting to the ratification of a sale unfairly or improperly made. *Jones on Mortgages,* sec. 1669; *Wiltse on Mortgage Foreclosure,* sec. 620. And the decision in *Bentley v. Beacham,* 91 Md. 678, 47 A. 1024, that a mortgagor who no longer had any interest in the land could not except to a ratification of a sale of it under foreclosure proceedings was obviously not intended to apply to such a case. And since he could have excepted to the ratification of the foreclosure sale, but failed to do so, he is bound by it as completely as if he had objected to it. The effect of that decree was to establish the mortgage debt as a valid and subsisting debt enforceable against the mortgaged property, but not to establish the personal liability of Bainder for the payment of that debt. That question cannot arise unless and until the mortgagee, by a petition or motion for a decree *in personam* or other appropriate proceeding attempts to establish that liability, and while the fact, if it is a fact, that the mortgagee discharged Bainder from any personal liability for the debt would be relevant in such a proceding, it is not relevant in a proceeding to distribute the proceeds of a sale of the mortgaged property after the sale has been finally ratified. For the mortgage debt and the personal liability of the mortgagors for the payment of that debt are different things (*Walls v. Baird,* 91 Ind. 434,; *Jones on Mortgages,* sec. 983), and evidence of a discharge of the personal liability of the mortgagor for the debt is not relevant except in a proceeding to enforce that liability. And since this is not such a proceeding, so much of the offer as tended to show that the appellant had been discharged from any personal liability for the payment of the mortgage debt was properly refused.

For the same reason, proof that payments were made on account of the mortgage, for which proper credits were not given, was also irrelevant and properly refused, for the appellant could have no interest in that question unless the mortgagee attempted to hold him personally liable for a deficiency. And since the offer failed to tender any other fact which could be accepted as relevant to any issue presented by the exceptions, we find no error in the ruling of the court in respect to it.

The other objections submitted by the exceptions to the ratification of the account related solely to questions of fact, and, as they were not supported by proof or offer of proof, they will not be considered.

For the reasons assigned, and because the order dismissing appellant's exceptions fully and properly reserved to him the right to assert, in any proceeding instituted to hold him personally liable for the mortgage debt, any fact relevant to show that he was discharged therefrom, it and the other orders appealed from will be affirmed.

*Orders affirmed, with costs.*