## PENNSYLVANIA AVENUE PERMANENT BUILD-ING & LOAN ASSOCIATION v. ISRAEL DUBIN.

[No. 84, October Term, 1933.]

*Decided January 17th, 1934.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*J. Edward Adkins, Jr.,* with whom was *J. A. Dushane Penniman* on the brief, for the appellant.

PATTISON, J., delivered the opinion of the Court.

On December 7th, 1925, the Pennsylvania Avenue Permanent Building & Loan Association of Baltimore City, the appellant, loaned unto Israel Dubin, the appellee, $2,080 on sixteen shares of its stock, taking as security for the loan a mortgage upon the property 1704 West Lanvale Street, Baltimore.

Payments amounting to $141 were made on the mortgage by Israel Dubin from the date of the mortgage to October 16th, 1926, at which time the property was conveyed to a certain Annie Foland. The deed, however, made no mention of the outstanding mortgage, and there was no covenant on the part of Annie Foland to assume it. Under the terms of the mortgage, the mortgagor covenanted to pay regular weekly payments until the stock was fully paid. There was a provision in the mortgage that if the property was transferred the whole indebtedness was to become due and payable upon five days' notice by the mortgagee to the mortgagor.

Pursuant to the rules or by-laws of the building and loan association, Annie Foland, to whom the property had been or was to be transferred, paid to the association a transfer fee of $19.11. After the transfer of the property, she made payments on the mortgage, but in 1932, being in default in the payments thereon, the property was sold under the mortgage. An auditor's report and account were made in the foreclosure proceedings and ratified September 14th, 1932, which showed a balance due the mortgagee of $839.81. Thereafter, on September 16th, 1932, the appellant moved for a decree *in personam* for the deficiency as shown by the auditor's account against Israel Dubin. The appellee filed his answer thereto in which he admitted the deficiency claim, but denied that the plaintiff was entitled to a decree *in personam*, for the reason that a transfer fee of $19.11 was paid to the association by Annie Foland at the time the property was conveyed to her, and that Annie Foland was accepted by the association as the mortgagor, and the defendant was thereby released from any further liability or connection with the mortgage premises. The case was heard and evidence was taken therein, showing that the mortgage was not only in default at the time the foreclosure proceedings were had, but likewise at the time of its transfer, and that Mr. Dubin had notice of such default prior to the institution of the foreclosure proceedings, and had several times suggested to the association not to foreclose the mortgage.

The sole question in this case is: Did the payment of a transfer fee of $19.11 by Annie Foland, the grantee, to the building and loan association, and its acceptance of such fee, release the mortgagor from his covenant in the mortgage to pay the mortgage debt?

The right of the mortgagee to a deficiency decree in this case is based upon the statute (Code Pub. Loc. Laws, art. 4, sec. 731A), which provides: "If, upon a sale of the whole mortgaged property by virtue of a decree passed under an assent to the passing of a decree contained in the mortgage under the provisions of Section 720 of this Article, the net proceeds of sale, after the cost and expenses allowed by the court are satisfied, shall not suffice to pay the mortgage debt and accrued interest, as the same shall be found and determined by the judgment of the court upon the report of the auditor thereof, the court may, upon the motion of the plaintiff, the mortgagee or his legal or equitable assignee, after due notice, by summons or otherwise, as the court may direct, enter a decree *in personam* against the mortgagor or other party to the suit or proceeding, who is liable for the payment thereof, for the amount of such deficiency; provided the mortgagee or his legal or equitable assignee would be entitled to maintain an action at law upon the covenants contained in the mortgage for said residue of said mortgage debt so remaining unpaid and unsatisfied by the proceeds of such sale or sales."

The right conferred upon the mortgagee by the above statute to enter a deficiency decree against the mortgagor for the unpaid balance of the mortgage debt exists in this case unless the exercise of that right has been lost because of some act of the mortgagee whereby the mortgagor is released from the payment of such indebtedness. The inquiry therefore is: Does the acceptance by the mortgagee of a transfer fee work this result?

This is not a case where a grantee covenants or by apt terms assumes to pay a mortgage debt charged on the granted premises for the payment of which the grantor is bound, from which the relation of principal and surety arises; and

an extension of the time of payment of the mortgage debt by valid agreement by the mortgagee without the consent of the mortgagor or grantor will release the grantor from personal liability. *Chilton v. Brooks,* 72 Md. 557, 20 A. 125.

In this case, the grantee did not assume the covenants or the payment of the mortgage indebtedness, and the relation of principal and surety did not exist between the mortgagor and the grantee; but the mortgagor remained the principal debtor. *Chilton v. Brooks, supra; George v. Andrews,* 60 Md. 26; *Asbell v. Marshall Bldg. & Loan Assn.,* 156 Md. 111, 143 A. 715.

We can discover no reason for holding that the mortgagor was released because of the fact that the grantee paid a transfer fee to the building and loan association, as the grantee was thereafter expected, because of the transfer, to make the weekly payments and such other payments as were originally imposed upon the mortgagor. It was more or less essential in the keeping of the association's books that the entry of such transfer should be made thereon, and the charge made therefor was in conformity with the rules of the association. It was the transaction between the mortgagor and the grantee in the transfer of the property that made this necessary. And in what way the receipt of the charge for making the transfer upon the books of the association can so affect the obligation of the mortgagor, we are unable to see.

There was error, we think, in the court's action in dismissing the motion asking for a decree, and the decree appealed from will be reversed.

> *Decree reversed, and cause remanded, that a decree may be passed in conformity with this opinion; appellee to pay the costs.*