GASPIN ET AL. *v.* BROWNING ET AL., Substituted Trustees

[No. 346, September Term, 1971.]

*Decided May 17, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Henry J. Noyes* for appellants.

*James C. Christopher* for appellees.

DIGGES, J., delivered the opinion of the Court.

The only issues involved in this appeal from the Circuit Court for Prince George's County (Mathias, J.) are whether appellants, Howard L. Gaspin and his mother, Tillie Gaspin, were entitled to receive warning of an impending deed of trust foreclosure sale under Maryland Rule W74 a 2 (b) and, if so, were they in fact given such notice. Since under our view this rule did not require that the Gaspins be given notification of the sale, there is no necessity to reach the second question.

On May 27, 1964 The Paramount Realty Company executed a deed of trust conveying to trustees commercial property located at 9213 Baltimore Avenue, College Park, Maryland. The purpose of this lien was to secure the payment of Paramount's installment note in the sum of $15,-600 payable to Suburbia Savings and Loan Association. The property was later transferred, subject to the trust, first from the realty company to Vincent Federici and wife and then on March 28, 1967 by the Federicis to the Gaspins. Neither of these two purchasers agreed to pay the remaining balance due on the note nor to otherwise assume responsibility for any of the covenants contained in the trust. The record discloses that the Gaspins were frequently in default on the note. In fact, during the summer of 1970 a warning was sent to appellants at 709 Northwood Terrace, Silver Spring, Maryland, by the two substituted trustees, Warren Browning and Stanley Betts, that there were plans to institute foreclosure proceedings. But this course of action was abandoned when the Gaspins made their back payments. About a year later, the trust was once more in substantial default and the

matter again was referred to the substituted trustees with directions to foreclose. Pursuant to this, they sent notice to the mortgagor, Paramount, and again to the appellants, but this time it was directed to Howard Gaspin's former residence on Eaton Way in Crofton, Maryland. The registered letter of notification was not delivered but instead was returned to the sender with the memo: "moved, not forwardable." The only other attempt the trustees made to reach appellants was by telephone which also failed. Browning testified the letter was mailed to the Crofton address rather than Silver Spring because he had previously been informed by Mr. Gaspin that had the earlier notices been so addressed the obligation would never have been in default. The trustee also said that a further reason for sending notification to Crofton was the fact that tax bills showed it as appellants' residence. The Gaspins, in disputing this evidence contend that Suburbia's files, to which the trustees had access correctly listed their address as being in Silver Spring. In any event appellants initially learned of the foreclosure after the trustees' sale, from their tenant who purchased the property. When the report of sale was made to the court, the Gaspins filed exceptions maintaining that the sale was void because of the trustees' failure to give them notice as required by Maryland Rule W74 a 2 (b).[1] Judge Mathias rejected this contention and ratified the sale. From that ruling this appeal is taken.

We start with the premise expressed in *Butler v. Daum,* 245 Md. 447, 226 A. 2d 261 (1967), that no one (prior to 1969) was entitled to personal notice that foreclosure of a mortgage or deed of trust was pending. The only warning required to be given those affected by the proceedings, including the buying public, was through the published advertisements of sale mandated by Rule W74 a 2 (a). However, effective 1 November, 1969, Rule W74 was amended by adding paragraph (b) to subsection a

---

[1]. Except for several enumerated exceptions not applicable here, Maryland Rule W77 provides that "a deed of trust shall be foreclosed in the same manner as a mortgage."

2 (W74 a 2 (b)) which provides that notification of the foreclosure sale be sent to the mortgagor. That paragraph states:

"By Registered Mail.

Before making a sale of mortgaged property, the person authorized to make such sale shall also send by registered mail to the mortgagor, at the mortgagor's last known address, a notice of the time, place, and terms of sale. The notice shall be sent not earlier than twenty days and not later than five days before the date of sale. The person giving the notice shall file in the proceedings a return receipt or an affidavit that the provisions of this paragraph have been complied with. Where such filing is made before final ratification, failure of the mortgagor to receive the notice shall not invalidate a sale."

The appellants contend that they are "mortgagors" and therefore by this rule entitled to be notified of the time, place and terms of the sale at their last known address, in this instance, 709 Northwood Terrace, Silver Spring, Maryland. The trustees disagree and contend that under the provisions of the rule only Paramount, the original maker of the mortgage, was required to be given notice. Rule W70 explains the meaning of various words and phrases used in the special proceedings applicable to foreclosures and though mortgagee is defined, the term mortgagor is not. We have heretofore held that when a word is used in a statute or rule and not there specifically defined it should be construed as having its ordinary and commonly accepted meaning. *Arundel Supply Corp. v. Cason,* 265 Md. 371, 289 A. 2d 585 (1972); *Williams v. Loyola College,* 257 Md. 316, 328, 263 A. 2d 5 (1970); *Simpler v. State, Use of Boyd,* 223 Md. 456, 165 A. 2d 464 (1960). Mortgagor is defined in *Black's Law Dictionary* (3d ed. 1933) as "he that gives a mortgage," and mortgagee as "he that takes or receives a mortgage."

*Ballentine's Law Dictionary* (3d ed. 1969) similarly defines mortgagor as "a person who mortgages his property to another; the maker of a mortgage," and mortgagee as "the person to whom a mortgage is made." *Webster's Third New International Dictionary* (1961) explains that a mortgagor is "a person who gives a mortgage on his property as security for a loan he receives or other obligation," and a mortgagee is "a person who takes a mortgage on another's property as security for a debt or obligation." See also *Bouvier's Law Dictionary* (3d rev. 8th ed. 1914) and *American Heritage Dictionary* (1969) for like definitions. From these authorities, both legal and general, it is clear that the word mortgagor, as customarily used, specifically refers to the maker or creator of a mortgage and not to one who is the grantee of, or holds title under that person. Whereas the word mortgagor has been frequently employed in the acts of the General Assembly of Maryland and in the decisions of this Court, nowhere do we find it to be explicitly defined. Other jurisdictions have been called upon to give meaning to the term and basically reach the conclusion that its definition depends upon the context in which it is used. *Armille v. Lovett,* 100 N. H. 203, 122 A. 2d 265 (1956) ; *Holley v. Owens,* 199 La. 752, 7 So. 2d 46 (1942) ; *Wilkinson v. Federal Land Bank of New Orleans,* 168 Miss. 645, 151 So. 761 (1934) ; *State v. Buttz,* 21 N. D. 540, 131 N. W. 241 (1911). We note that Baron Parke in *Litchfield v. Ready,* 20 L. J. Ex. 51, made the rather circular observation that a mortgagor "can be described only by saying he is a mortgagor."

In turning to the Subtitle W rules themselves for guidance, we think there is significance in the fact that even though "mortgagor" is not discussed in the definitional rule, W70, an explanation is given for "mortgagee" which broadens that term's meaning to include "the obligee named in a mortgage, his assignee and successor in interest." It would have been a simple matter, had that been the design, to delineate a more expansive

meaning for mortgagor comparable to what was provided for mortgagee; however, such was not done. On the contrary, even though the Subtitle W rules refer to "mortgagor" on several occasions, special care was always taken in those situations to explicitly enumerate when someone else, in addition to the maker of the mortgage, was to be included. For instance, Rule W71 d 2 (a) refers to "the mortgagor, or his successor in interest"; Rule W72 c 3 provides for service "upon the owner of the equity of redemption"; and Rule W72 d provides that in a foreclosure proceeding it is unnecessary that there be service of process on the "opposite party."

The failure to supply a more expansive meaning to the term "mortgagor" itself is in accord with the decisions of this Court. Although, of course, we have not examined all our prior opinions which use the words mortgagor or mortgagee, we have taken a look at quite a number of them. And nowhere do we find that mortgagor was intended to include anyone other than the original maker of the mortgage. On the contrary, whenever reference was made to other associated persons, the opinion always referred to them as "the mortgagor and his grantee," "the successor in title to the mortgagor," "those claiming by, through or under the mortgagor," or in some similar manner. We list just a few of the applicable cases: *Better v. Williams,* 203 Md. 613, 618, 102 A. 2d 750 (1954); *Cunningham v. Davidoff,* 187 Md. 134, 136, 138, 46 A. 2d 633 (1946); *County Trust Co. v. Harrington,* 168 Md. 101, 105, 106, 176 A. 639 (1935); *Scherr v. Building & Loan Assn.,* 166 Md. 106, 170 A. 197 (1934); *Bldg. & Loan Assn. v. Dubin,* 165 Md. 555, 558, 170 A. 169 (1934); *Bainder v. Bldg. & Loan Assn.,* 161 Md. 597, 599, 158 A. 2 (1932).

In recommending the adoption of Rule W74 a 2 (b) to this Court the Rules Committee stated that it was being suggested to alleviate the necessity for the Legislature to pass a pending bill which would provide for notice to the mortgagor of a foreclosure sale. The proposed leg-

islation was abandoned when its almost identical language was incorporated in the rule. The committee said that its intent was not to create a burdensome requirement. Instead it indicated that its objective was to give notice, as envisioned by the Legislature, to the original maker of the mortgage of both the sale and the fact that he can be called upon to pay any deficiency caused by the failure of the mortgaged property to produce sufficient funds necessary to extinguish the debt. It may well be desirable that others be provided personal notice of the sale and accordingly we ask the Rules Committee to consider this question; but as we see it now the only requirement is that an attempt be made to give personal notice to the original maker of the mortgage.

We conclude, therefore, that the appellants were not entitled to notice as a matter of right under Rule W74 a 2 (b) and the trial judge was correct in dismissing the exceptions and ratifying the sale.

*Decree affirmed.*
*Costs to be paid by the appellants.*